**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2011

No. 10-50444
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISMAEL ACOSTA JUAREZ, also known as Ismael Juarez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-288-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ismael Acosta Juarez appeals his conviction for conspiracy to possess with intent to distribute cocaine, aiding and abetting possession with intent to distribute cocaine, and possession with intent to distribute cocaine. He argues that the district court erred in denying his motion to suppress the evidence obtained pursuant to a search warrant because the supporting affidavit was insufficient to support application of the good-faith exception to the exclusionary rule. Juarez contends that the affidavit contained only unverified and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

uncorroborated statements and was so conclusional that it was unreasonable for an officer to believe that it established probable cause for the search.

The good-faith exception to the exclusionary rule provides that if law enforcement officials act in objectively reasonable good-faith reliance upon a search warrant, then evidence obtained pursuant to the warrant is admissible even if the affidavit on which the warrant was grounded was insufficient to establish probable cause. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). Officers may not rely on a bare bones affidavit. *United States v. Leon*, 468 U.S. 897, 922-23 (1984) (noting that a bare bones affidavit contains wholly conclusional statements and is so wanting for indicia of probable cause that official belief that probable cause exists is entirely unreasonable). We review factual findings on a motion to suppress for clear error and determinations regarding the reasonableness of an officer's reliance on a warrant and the sufficiency of the warrant *de novo*. *United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999).

Most of the information in the affidavit was obtained from an identified informant, who agreed to provide a voluntary statement after he was arrested for negotiating to sell cocaine to a cooperating source. The informant stated that he had obtained the cocaine for the transaction from Juarez and that he had been selling cocaine received from Juarez for the past three or four months. The informant was able to show law enforcement officers where he had received the cocaine from Juarez, and he also identified a call in his cell phone history as being to Juarez. The cooperating source was able to verify the details of the drug transaction with the informant. Because the affidavit provided detailed information, including evidence of the informant's reliability, as well as corroboration of certain facts, the district court did not err in concluding that the good-faith exception to the exclusionary rule applied. *See United States v. Cordero*, 465 F.3d 626, 628-30 (5th Cir. 2006); *Shugart*, 117 F.3d at 844.

AFFIRMED.